# Weiser's Appeal.

In 1823 a husband received his wife's share of *personal* estate, which was in the hands of the acting executor of the will of her father, after the settlement of an account, and executed a release of the same to the executor, and gave to him a refunding bond. Some years after the payment to the husband, the estate of the testator became reduced by the recovery of judgment on an administration bond, in which he was a joint surety. The husband afterwards died insolvent. After his death the wife became entitled to a share of the proceeds of sale of certain *real* estate which had been devised by her father to her sister for life, and after her death without children, to the other children of the testator, with power to the executors to make sale of the same. It was *held*, that the personal representative of the executor who made payment to the husband, was not entitled to reimbursement for the amount overpaid to the husband, out of the wife's share of the *real* estate which accrued to her after the death of her husband, but that the same was payable to the wife.

APPEAL of Catharine Weiser, executrix of *Martin J. Weiser*, from the decree of the Orphans' Court of *York county*, distributing the estate of *Martin Weiser*, deceased.

*Martin Weiser* died in 1822, and letters testamentary were, on the 5th of November of the same year, granted to his sons, John and *Martin J. Weiser*, whom he appointed executors. John never acted until after the death of Martin J. On the 25th of July, 1823, Martin J. Weiser, the acting executor of Martin Weiser, filed his administration account, the balance on which he distributed among the heirs. This balance consisted of *personal estate* of which the testator made no disposition in his will, and which went to his children in equal shares. On the 23d of October, 1823, John Yost, the husband of Catharine Yost, who was one of the daughters and heirs of Martin Weiser, in consideration of the payment of $357.22, for his "dividend share of the personal estate, as far as the same is settled, of Martin Weiser, deceased," executed a release to Martin J. Weiser, as acting executor; and covenanted

to refund a proportionate part of any debt or demand that might thereafter be recovered against the estate. The amount thus paid to the husband of Catharine Yost, was *more than her full share of the whole estate*, as reduced by a subsequently recovered debt. To November Term, 1832, a judgment was recovered against the estate of Martin Weiser, the testator, for $2214.26, on an administration bond, in which he was surety. The one half of this judgment was paid by the other surety; and Martin J. Weiser paid the other half, $1107.13, for which he had no funds of the estate in hand. Some of the heirs refunded; but the husband of Catharine Yost was insolvent and could not. He *subsequently* died insolvent, and left his wife to survive him.

After the death of Martin J. Weiser, John Weiser, as surviving executor, received funds of the estate, under the following provisions of the will:—

Item—I give *unto my daughter Lydia* two hundred dollars, in such way as my executors may think best; also the square of ground in the borough of York, during her life, and at her death the same to be sold by my executors, and the money to be divided in equal parts between her children, if she has any, otherwise be equally divided between my sons and daughters. I also give her one undivided half of my house and lot in Bottstown, in West Manchester township, York county, during her life; *if no heirs*, then the same to be equally divided between *my sons and daughters*, but said house and lot to remain in my executors' care in trust for the use before mentioned; they may at any time dispose of the same, and put the money at interest, or purchase other property for the use and benefit aforesaid."

*Lydia died without issue*, and the money received by the surviving executor was made up of the proceeds of the sale of the square of ground, and of a mortgage in which the proceeds of the sale of the Bottstown property were invested.

The surviving executor settled an account of this fund, on the 1st of June, 1848, exhibiting a balance of $553.85. An auditor was appointed to distribute. He awarded nothing to Catharine Yost; but gave what she claimed to the estate of Martin J. Weiser, deceased. Catharine Yost filed exceptions to the report of distribution; and on the 3d of May, 1852, the Orphans' Court reversed the report of the auditor, and decreed to Catharine Yost a full share of the balance on the administration account. From this decree Catharine Weiser, executrix of Martin J. Weiser, appealed.

Exception.—The Orphans' Court erred in decreeing $88.10 to Catharine Yost.

*Campbell*, for appellant.—He cited the case of Wilson's estate, 2 *Barr* 325.

[Weiser's Appeal.]

*Keesey*, with whom was *E. H. Weiser*, for appellee.—The interest or right of Catharine Yost to a share of the fund partly in question, never accrued or vested in her *during* the life of her husband, John Yost. He died before Lydia, and it was only upon the contingency of her death without issue that the right of Catharine accrued. This claim was not reduced into possession, or disposed of, or released by her husband.

The opinion of the Court was delivered, June 17, by

BLACK, C. J.—The executors of Martin Weiser, deceased, having filed their account, had in their hands a balance due to Catharine Yost, one of the daughters, amounting to $357.22. This sum they paid to the husband of Catharine, taking his release, and a covenant to refund his proportion of what might be needed to pay debts. A debt was afterwards recovered, which Martin J. Weiser, one of the executors, paid out of his own pocket. Yost was insolvent, and did not refund. The testator had devised to his daughter Lydia, certain real property for life, and in case of her death without issue, it was to revert to his sons and daughter, and be equally divided between them. Lydia did die without issue, and Martin J. Weiser having also died, the surviving executor sold the real property mentioned, and brought the proceeds into Court, where it was distributed among all the children. But the executrix of Martin J. Weiser claims the share of Mrs. Yost, by way of making his estate whole for the sum overpaid to and never refunded by Yost, who is also dead.

Here were two distinct funds, one arising out of personal property and one out of real estate; one payable by the executor immediately, and the other not demandable, except upon a contingency which might never happen. In these circumstances, the husband demands payment of one fund, the one which he had then a right to claim, and which the executor was compellable to pay; and the executor pays it, and takes the husband's personal covenant to pay it back in case it should afterwards turn out that he would need it for the payment of debts. All this does not amount to a payment of the wife's share of the other fund. It is plain that neither she, nor her husband, nor the executor, meant the payment of her share of the personal property as a payment of her interest in the real estate. It was not intended to be a reduction of it into possession by the husband, nor was it an actual reduction. Why should the law presume that the parties did that which they neither did nor thought of? What is there here to make it necessary that we should treat the transaction otherwise than according to its real import? The husband claimed the wife's share of the balance then in the executor's hands, and got it; got, if you please, more than he was entitled to; but all he received was paid him on that score alone. He did not meddle

[Weiser's Appeal.]

with the interest she would have after her sister's death, nor touch it. As the law then stood, he might, perhaps, have pledged it, to make good his refunding contract, just as he could have pledged it for any other liability; though that is more than doubtful, for it was then a contingent interest in real property. But he did not do so.

The executor has no right to reimburse the estate of his deceased co-executor out of this fund; and the Court below was therefore right in awarding to Mrs. Yost her full share of it.

Decreë affirmed.